**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **CAMBRIA CAPITAL, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KELLI FUSARO,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:21-cv-00428-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is pro se Defendant Kelli Fusaro's ("Ms. Fusaro") motion to stay.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court denies Ms. Fusaro's motion.

## BACKGROUND

The dispute in this action arises from a Financial Industry Regulatory Authority, Inc. ("FINRA") arbitration action Ms. Fusaro initiated against Plaintiff Cambria Capital, LLC ("Cambria").[3] Cambria's complaint in this case generally alleges that FINRA lacks jurisdiction

---

[1] ECF No. 27.

[2] ECF No. 36.

[3] *See generally* ECF No. 2.

over the dispute between Ms. Fusaro and Cambria.[4] Cambria seeks a declaratory judgment stating that: (1) Ms. Fusaro is not a Cambria "customer" within the meaning of FINRA and lacks standing to initiate or compel arbitration of claims against Cambria through FINRA; (2) Ms. Fusaro and Cambria do not have an agreement to arbitrate disputes before FINRA, and, therefore, FINRA lacks jurisdiction over the dispute between Ms. Fusaro and Cambria; and (3) Ms. Fusaro's written arbitration agreement with another entity supersedes FINRA rules and provides for arbitration in other forums.[5]

The same day the complaint was filed, Cambria moved for a temporary restraining order and a preliminary injunction enjoining Ms. Fusaro from pursuing claims against Cambria before FINRA.[6] Judge Barlow denied Cambria's motion at a hearing held on September 1, 2021.[7] In his oral ruling, Judge Barlow specifically stated that he had "not made any finding about whether Ms. Fusaro is or is not a customer of Cambria" and that he had determined only that Cambria's motion was denied.[8] Judge Barlow further stated that although Cambria's motion was denied, "the complaint [was] not dismissed."[9] After Judge Barlow's ruling, the court entered a scheduling order on September 30, 2021.[10]

---

[4] *See generally id.*

[5] *See generally id.*

[6] ECF No. 4.

[7] ECF No. 25.

[8] ECF No. 33 at 46.

[9] *Id.*

[10] ECF No. 32.

On December 3, 2021, Ms. Fusaro filed the motion to stay currently before the court.[11] In her motion, Ms. Fusaro alleges that she needs time to prepare for the upcoming FINRA arbitration and that it has become "very confusing and costly" to continue with this case and the FINRA arbitration simultaneously.[12]

Cambria opposes Ms. Fusaro's motion.[13] Cambria contends that Ms. Fusaro fails to address the required standards the court uses to determine whether a case should be stayed and that, even if she had, she cannot carry her burden to show that a stay is warranted.

In her reply, Ms. Fusaro repeatedly asserts that the FINRA case should be concluded before she is required to litigate this case.[14] As best the court can tell, it appears that Ms. Fusaro believes that Judge Barlow's order denying Cambria's motion for a temporary restraining order and a preliminary injunction means that the FINRA case must be concluded before she is required to participate in this case.

## ANALYSIS

The power to grant or deny motions to stay falls under the discretion of district courts.[15]

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of

[11] ECF No. 36.

[12] *Id.* at 1.

[13] ECF No. 37.

[14] ECF No. 38.

[15] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *see also* *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

> judgment, which must weigh competing interests and maintain an even balance.[16]

In determining whether to grant a stay, the court weighs the following factors: "'(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties.'"[17] The court addresses those factors in turn below. Based upon the following analysis, the court concludes that: (I) a stay would not simplify the issues before the court, (II) a stay is not warranted at this stage of the litigation, and (III) the balancing of prejudice resulting from a stay favors Cambria. Therefore, the court denies Ms. Fusaro's motion.

**I. A Stay Would Not Simplify the Issues Before the Court.**

Ms. Fusaro argues that the FINRA matter has progressed "into a full arbitration process," and, therefore, this case should be stayed on account of the "confusing and costly" nature of simultaneous litigation.[18] However, that argument does not address whether a stay would simplify the issues before the court, and, as Cambria correctly notes, this court retains the authority to determine the threshold inquiry of arbitrability.[19] If the court later determines that Ms. Fusaro was in fact not a Cambria "customer," FINRA may lack jurisdiction over the arbitration involving Ms. Fusaro and Cambria. Therefore, a stay pending arbitration would likely

---

[16] *Landis*, 299 U.S. at 254-55.

[17] *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561, at *1 (D. Utah Oct. 30, 2017) (quoting *Lifetime Prods., Inc. v. Russell Brands, LLC*, No. 1:12-cv-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013)); *see also Nat'l Staffing Sols., Inc. v. Nat'l Staffing Specialists, LLC*, No. 2:20-CV-00534, 2020 WL 6149916, at *2 (D. Utah Oct. 20, 2020).

[18] ECF No. 36 at 1.

[19] *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942-45 (1995).

frustrate the resolution of the issues before this court and possibly put the parties through unnecessary litigation and expense. Thus, this factor weighs against the imposition of a stay.

**II. A Stay Is Not Warranted at This Stage of the Litigation.**

Ms. Fusaro argues that time is needed to "prepare for the upcoming FINRA hearings and compose all of the documents necessary to complete the current FINRA case underway."[20] However, this case is also already underway. As noted previously, a scheduling order has been entered, and the parties are currently engaged in discovery.[21] Additionally, over the past six months since the inception of this case, two motions have been filed and decided. The court and the parties have expended considerable resources, which leads to the conclusion that this "litigation has progressed significantly enough for a stay to be disfavored."[22] Accordingly, this factor weighs against granting Ms. Fusaro's motion.

---

[20] ECF No. 36 at 1.

[21] In arguing that the stage of this action does not warrant a stay, Cambria contends that Ms. Fusaro's motion to stay appears to be an attempt to avoid her discovery obligations in this case. Importantly, Ms. Fusaro confirms this in her reply when she admits that she has not provided discovery responses because she "did not agree to or sign the scheduling order . . . because it pertained to a motion that had been denied by Judge . . . Barlow" and because "FINRA proceedings were already in process." ECF No. 38 at 3. While Ms. Fusaro's failure to participate in discovery may not have a direct bearing on the court's determination of Ms. Fusaro's motion to stay, the court warns Ms. Fusaro that she cannot avoid her discovery obligations here based upon her mistaken belief that Judge Barlow's order on Cambria's motion for a temporary restraining order and a preliminary injunction is somehow determinative of the outcome of this case. Ms. Fusaro must engage in the discovery process or may be sanctioned for her failure to participate, which may include monetary penalties and even entry of a default judgment against her. Fed. R. Civ. P. 37(a)(5), (b).

[22] *No Spill, Inc. v. Scepter Can., Inc.*, No. 18-2681-JAR-KGG, 2020 WL 1528542, at *2 (D. Kan. Mar. 31, 2020) (quotations and citations omitted); *see also Nat'l Staffing Sols., Inc.*, 2020 WL 6149916, at *3 (providing that courts often deny a motion to stay when, among other things, "the parties and the court have . . . expended significant resources").

## III. The Balancing of Prejudice Resulting from a Stay Favors Cambria.

Again, Ms. Fusaro argues that she will be prejudiced by the "confusing and costly" nature of having to litigate both this case and the FINRA arbitration proceeding.[23] In response, Cambria argues that it will be prejudiced by having to expend time and resources defending itself in an arbitration proceeding to which it did not agree and, if the court determines that Ms. Fusaro was not a "customer" of Cambria within the meaning of FINRA, an arbitration proceeding over which FINRA may not have jurisdiction.

The court agrees with Cambria's argument and concludes that Ms. Fusaro's argument is without merit. Although it is potentially confusing and costly to litigate two cases simultaneously, the complexities of litigation do not automatically equate to prejudice.[24] Promisingly, thus far Ms. Fusaro has successfully managed to litigate both cases. On the other hand, Cambria faces a real risk of prejudice by being forced to engage in an arbitration proceeding to which it allegedly did not consent, and, if it is successful in this case, an arbitration proceeding over which FINRA may lack jurisdiction. For those reasons, the balancing of prejudice weighs in favor of Cambria and against imposing a stay.

[23] ECF No. 36 at 1.

[24] *See, e.g.*, *Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KK), 2019 WL 7169794, at *3 (C.D. Cal. Oct. 23, 2019) ("'[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity' for purposes of a stay." (alteration in original) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005))).

**CONCLUSION AND ORDER**

Based upon the court's consideration of the foregoing factors, IT IS HEREBY ORDERED that Ms. Fusaro's motion to stay[25] is DENIED.

IT IS SO ORDERED.

DATED this 21st day of January 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[25] ECF No. 36.