IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CAMBRIA CAPITAL, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KELLI FUSARO,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-00428-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are pro se Defendant Kelli Fusaro's ("Ms. Fusaro") motion to appoint counsel[2] and motion to stay.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court denies Ms. Fusaro's motions.

## BACKGROUND

The dispute in this action arises from a Financial Industry Regulatory Authority, Inc. ("FINRA") arbitration action Ms. Fusaro initiated against Plaintiff Cambria Capital, LLC

---

[1] ECF No. 27.

[2] ECF No. 41.

[3] ECF No. 40.

("Cambria").[4] Cambria's complaint in this case generally alleges that FINRA lacks jurisdiction over the dispute between Ms. Fusaro and Cambria.[5] Cambria seeks a declaratory judgment stating that: (1) Ms. Fusaro is not a Cambria "customer" within the meaning of FINRA and lacks standing to initiate or compel arbitration of claims against Cambria through FINRA; (2) Ms. Fusaro and Cambria do not have an agreement to arbitrate disputes before FINRA, and, therefore, FINRA lacks jurisdiction over the dispute between Ms. Fusaro and Cambria; and (3) Ms. Fusaro's written arbitration agreement with another entity supersedes FINRA rules and provides for arbitration in other forums.[6]

The same day the complaint was filed, Cambria moved for a temporary restraining order and a preliminary injunction enjoining Ms. Fusaro from pursuing claims against Cambria before FINRA.[7] Judge Barlow denied Cambria's motion at a hearing held on September 1, 2021.[8] In his oral ruling, Judge Barlow specifically stated that he had "not made any finding about whether Ms. Fusaro is or is not a customer of Cambria" and that he had determined only that Cambria's motion was denied.[9] Judge Barlow further stated that although Cambria's motion was denied,

---

[4] *See generally* ECF No. 2.

[5] *See generally id*.

[6] *See generally id*.

[7] ECF No. 4.

[8] ECF Nos. 24-25.

[9] ECF No. 33 at 46.

"the complaint [was] not dismissed."[10] After Judge Barlow's ruling, the court entered a scheduling order on September 30, 2021.[11]

On December 3, 2021, Ms. Fusaro filed a motion to stay.[12] In her motion, Ms. Fusaro alleged that she needed time to prepare for the upcoming FINRA arbitration and that it had become "very confusing and costly" to continue with this case and the FINRA arbitration simultaneously.[13] Cambria opposed Ms. Fusaro's motion.[14]

The court issued a Memorandum Decision and Order on January 21, 2022, denying Ms. Fusaro's motion to stay ("January 21 Order").[15] Considering the required factors, the court determined that a stay would not simplify the issues before the court, a stay was not warranted at the stage of the litigation, and a balancing of prejudice resulting from a stay weighed in favor of Cambria rather than Ms. Fusaro.

On February 15, 2022, Ms. Fusaro filed her motion to appoint counsel[16] and her instant motion to stay.[17] In her motion to stay, she argues that, because of her lack of legal knowledge, she cannot properly respond to Cambria's discovery requests, and, therefore, this case should be

---

[10] *Id*.

[11] ECF No. 32.

[12] ECF No. 36.

[13] *Id*. at 1.

[14] ECF No. 37.

[15] ECF No. 39.

[16] ECF No. 41.

[17] ECF No. 40.

stayed until counsel is appointed for her. In her motion to appoint counsel, she contends that counsel is necessary to help her correct deficient discovery responses and respond to requests in a timely and efficient manner. She also asserts that she cannot currently afford to hire an attorney.

Cambria opposes both motions.[18] In opposing the motion to appoint counsel, Cambria argues that there is no constitutional right to counsel in a civil case and that Ms. Fusaro did not meet her burden of proving counsel to be necessary. Regarding the motion to stay, Cambria asserts that Ms. Fusaro fails to show that a stay is warranted and is attempting to stall discovery.

In her reply, Ms. Fusaro reiterates her argument that counsel is necessary to help her navigate discovery obligations.[19] She also asserts that Cambria has harassed her by claiming she failed to adequately respond to its discovery requests and that appointed counsel could help her avoid similar harassment in the future.

Based upon the following analysis, the court denies Ms. Fusaro's motion to appoint counsel and her motion to stay. Each motion is discussed in turn below.

## ANALYSIS

I.  **The Court Denies Ms. Fusaro's Motion to Appoint Counsel.**

The court denies Ms. Fusaro's motion to appoint counsel because she fails to carry her burden of showing that appointed counsel is necessary.[20] "There is no constitutional right to

---

[18] ECF Nos. 42-43.

[19] ECF No. 44.

[20] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil action, such as the one at issue here, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v.*

appointed counsel in a civil case."[21] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[22] "The appointment of counsel in a civil case is left to the sound discretion of the district court."[23] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims."[24] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to [her] claim[s] to warrant the appointment of counsel."[25]

      Ms. Fusaro fails to meet her burden because she does not address the merits of her case. For that reason alone, her request for appointed counsel fails. Additionally, the remaining factors do not justify appointing counsel. The nature of the factual issues raised in this case are not particularly complex. Further, although litigation may be difficult and time consuming for her, Ms. Fusaro fails to demonstrate that she cannot pursue this case adequately. Finally, the legal issues in this case are not so complex as to require the appointment of counsel. For those reasons, the court denies Ms. Fusaro's motion to appoint counsel.

---

*U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[21] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[22] 28 U.S.C. § 1915(e)(1).

[23] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[24] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

[25] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

### II.     The Court Denies Ms. Fusaro's Motion to Stay.

In her motion to stay, Ms. Fusaro asks for a stay until the court appoints counsel to represent her. Because the court's denial of her motion to appoint counsel eliminates the sole basis for her requested stay, the court must deny her motion to stay.

Moreover, Ms. Fusaro's motion fails for the additional reason that she does not address the relevant factors for determining whether a stay is appropriate. As the court noted in the January 21 Order, the court weighs the following factors in determining whether to grant a motion to stay: "'(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties.'"[26] Ms. Fusaro's failure to address those factors requires denial of her motion to stay. Furthermore, even if the court considers those factors, a stay is not warranted for all the reasons set forth in the January 21 Order. Therefore, the court denies Ms. Fusaro's motion to stay.[27]

### CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1.     Ms. Fusaro's motion to appoint counsel[28] is DENIED.

---

[26] *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561, at *1 (D. Utah Oct. 30, 2017) (quoting *Lifetime Prods., Inc. v. Russell Brands, LLC*, No. 1:12-cv-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013)); *see also Nat'l Staffing Sols., Inc. v. Nat'l Staffing Specialists, LLC*, No. 2:20-CV-00534, 2020 WL 6149916, at *2 (D. Utah Oct. 20, 2020).

[27] The court reiterates its warning to Ms. Fusaro in the January 21 Order that her failure to participate in the discovery process in this case may result in sanctions against her, which may include monetary penalties and even entry of default judgment against her. Fed. R. Civ. P. 37(a)(5), (b).

[28] ECF No. 41.

2. Ms. Fusaro's motion to stay[29] is DENIED.

IT IS SO ORDERED.

DATED this 24th day of March 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[29] ECF No. 40.