IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CAMBRIA CAPITAL, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**KELLI FUSARO,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-00428-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Plaintiff Cambria Capital, LLC's ("Cambria"): (1) short form discovery motion to compel Defendant Kelli Fusaro ("Ms. Fusaro") to produce documents and supplemental discovery responses;[2] and (2) short form discovery motion to compel Ms. Fusaro to produce her initial disclosures.[3]

The court held oral argument on the motions on June 29, 2022.[4] At the hearing, Cambria conceded that Ms. Fusuaro has now produced her initial disclosures, provided all requested documents, and supplemented her discovery responses. Accordingly, the court concluded that the substantive relief sought in each of Cambria's motions was moot. However, because Ms. Fusaro

---

[1] ECF No. 27.

[2] ECF No. 47.

[3] ECF No. 48.

[4] ECF No. 72.

provided the requested discovery after Cambria filed its motions, Cambria seeks an award of reasonable expenses against Ms. Fusaro under Fed. R. Civ. P. 37(a)(5)(A). During the hearing, the court heard argument from counsel on that issue and, at the conclusion of the hearing, took the issue under advisement.

This Memorandum Decision and Order both memorializes the court's rulings from the hearing and rules on Cambria's request for an award of reasonable expenses against Ms. Fusaro. Consistent with its conclusion during the hearing, the court denies as moot Cambria's motions. Additionally, although it is a close call, the court denies Cambria's request for an award of reasonable expenses against Ms. Fusaro because she meets one of Rule 37(a)(5)(A)'s exceptions to such an award. Rule 37(a)(5)(A) provides:

> If [a motion to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.[5]

Applying that rule here, Ms. Fusaro does not dispute that she provided the requested discovery *after* Cambria filed its motions. Thus, Ms. Fusaro, who had an opportunity to be heard,

---

[5] Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

must pay Cambria's reasonable expenses incurred in making its motions, including attorney fees, unless: (1) Cambria filed its motions before making a good-faith attempt to obtain the discovery without court action; (2) Ms. Fusaro's nondisclosure, responses, or objections were substantially justified; or (3) other circumstances make an award of expenses unjust. Because Ms. Fusaro conceded at the hearing that her failure to provide her initial disclosures and full discovery responses was not substantially justified, the court focuses on the first and third exceptions to the payment of reasonable expenses.

First, Cambria made a good-faith effort to resolve the issues raised in its motions prior to filing them. Under Rule 37(a)(1), Cambria was required to in good faith confer or attempt to confer with Ms. Fusaro to obtain her discovery responses prior to filing its motions. Additionally, DUCivR 37-1(a)(1) requires parties to "make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26-37 before seeking court assistance." DUCivR 37-1(a)(2) further provides:

> At a minimum, those efforts must include a prompt written communication sent to the opposing party:
>
>> (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying why those responses or objections are inadequate, and;
>>
>> (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times.[6]

Under the circumstances presented here, the court concludes that Cambria made adequate, good faith attempts to meet and confer with Ms. Fusaro prior to filing its motions.

---

[6] DUCivR 37-1(a)(2)(A)-(B).

Cambria sent three letters to Ms. Fusaro from November 2021 to February 2022 requesting her initial disclosures and identifying the deficiencies with her discovery responses.[7] Although the first two of those letters did not either request to meet and confer or provide suggested dates and times for doing so, the third letter did indicate that Cambria was available to meet and confer over the two-week period following the date of that letter.[8] According to Cambria's counsel's representations during the hearing—which the court accepts as being made in good faith—Ms. Fusaro never responded to Cambria's request to meet and confer, and Cambria received little to no response from Ms. Fusaro to its letters until she retained counsel in April 2022. Cambria's counsel further represented that Ms. Fusaro indicated while she was proceeding pro se that she would not communicate with Cambria's counsel directly. Under those circumstances, the court concludes that Cambria's efforts to meet and confer—although not perfect—were adequate.

Second, the court addresses whether there are other circumstances that make an award of reasonable expenses unjust. Although a close call, the court concludes that such circumstances exist here. In the time leading up to Cambria's motions, Ms. Fusaro was proceeding pro se. According to her counsel's representations at the hearing—which the court likewise accepts as being made in good faith—Ms. Fusaro was confused about her discovery obligations and believed, albeit mistakenly, that the filing of her two motions to stay this action put her discovery obligations on hold. Ms. Fusaro eventually retained counsel in April 2022, and her attorneys promptly provided initial disclosures and remedied her deficient discovery responses.

---

[7] ECF Nos. 48-1 to 48-3.

[8] ECF No. 48-3.

The court acknowledges that pro se status, by itself, does not shield Ms. Fusaro from an award of reasonable expenses under Rule 37(a)(5)(A).[9] However, at least one court, when faced with circumstances similar to those presented here, declined to award reasonable expenses under Rule 37.[10] Additionally, many courts have taken a party's pro se status into account, at least in part, when declining to award reasonable expenses under Rule 37.[11] Under the facts presented

---

[9] *Tran v. Smith*, No. 1:19-cv-00148-DAD-SAB (PC), 2021 WL 3171770, at *1 (E.D. Cal. July 27, 2021) (providing that the plaintiff's pro se status did "not insulate him from an order requiring the payment of . . . expenses" under Rule 37(a)(5)); *Holder v. Gienapp*, No. 06-cv-221-JD, 2007 WL 1726575, at *1 (D.N.H. June 13, 2007) (providing that "[p]ro se status does not absolve a litigant from sanctions" under Rule 37); *Dew v. 39th St. Realty*, No. 99 CIV. 12343 WHPJCF, 2001 WL 388053, at *3 (S.D.N.Y. Apr. 16, 2001) (providing that pro se litigants may be sanctioned under Rule 37); *see also, e.g.*, *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)) (other citations omitted)).

[10] *Hall v. Nw. Airlines*, No. 03-2004-MLV, 2004 WL 179311, at *3 (W.D. Tenn. Jan. 6, 2004) ("Although Hall, acting *pro se*, failed to provide initial disclosures, produce documents, and answer interrogatories in a timely fashion, he did retain counsel prior to the discovery deadline who acted in a prompt manner to respond to Northwest's discovery requests. Additionally, Hall's counsel has been willing to cooperate with Northwest in resolving discovery disputes and has filed a motion to extend discovery. Therefore, discovery sanctions would be unjust and are not warranted. Northwest's motion as to attorney fees and expenses is denied at this time.").

[11] *See, e.g.*, *Huang v. Big Data Supply Inc.*, No. 8:21-cv-00282-JVS (JDEx), 2021 WL 4816827, at *7 (C.D. Cal. Aug. 12, 2021) ("Although Defendant attempted to resolve the disputes here without court action and the Motion is granted, the Court is mindful that Plaintiff is proceeding pro se, did provide responses, albeit deficient ones, and that this is Defendant's first motion to compel discovery from Plaintiff. The Court therefore finds, barely, that the circumstances here make an award of expenses unjust and denies Defendant's request for an award of expenses."), *review denied*, No. SACV 21-00282 JVS (JDEx), 2021 WL 5864014 (C.D. Cal. Sept. 24, 2021); *Alphonsis v. Century Reg'l Det. Facility*, No. CV 17-03650-ODW (DFM), 2020 WL 11025946, at *2 (C.D. Cal. Oct. 28, 2020) ("While Plaintiff's motion was not substantially justified, her pro se status makes the Court disinclined to award sanctions. While Plaintiff's pro se status will not necessarily protect her from sanctions in the future, in this instance, it does."); *Steadman v. Specialized Loan Servicing LLC*, No. 17-81044-CIV, 2018 WL 9849604, at *2 (S.D. Fla. Apr. 13,

here, including Ms. Fusaro's prior pro se status, the court concludes that an award of reasonable expenses to Cambria would be unjust. Therefore, the court denies Cambria's fee request.

## ORDER

In summary, IT IS HEREBY ORDERED:

1. Cambria's short form discovery motion to compel Ms. Fusaro to produce documents and supplemental discovery responses[12] is DENIED AS MOOT.

2. Cambria's short form discovery motion to compel Ms. Fusaro to produce her initial disclosures[13] is DENIED AS MOOT.

---

2018) ("Here, although Plaintiff's answers to Defendant's Request for Admissions were confusing at times, it is not clear that Plaintiff was intentionally evasive. It also bears noting that Plaintiff is appearing *pro se* in this matter. Although *pro se* parties must comply with the Federal Rules of Civil Procedure, an award of expenses would be unjust under the circumstances."); *Wright v. Young*, No. 4:10-CV-474-SPM-GRJ, 2012 WL 2945598, at *1 (N.D. Fla. July 18, 2012) ("The Court finds that an award of expenses would be unjust under these circumstances. Plaintiff is proceeding *pro se*, and while his responses to the interrogatories were incomplete, it is evident that he made a good faith effort to answer the questions and submitted the responses in a timely manner. Given Plaintiff's *pro se* status and his efforts at compliance, the Court declines to make an award of fees."); *Irving v. Dish Network LLC*, No. 1:10-CV-1785-SCJ-SSC, 2011 WL 13122271, at *3 (N.D. Ga. June 10, 2011) ("Although Plaintiff failed to provide responses to Defendant's discovery requests until after Defendant filed its motion to compel, the undersigned finds that the circumstances in this case make an award of expenses unjust. First, there is no indication that Plaintiff had a dilatory motive in not responding to Defendant's discovery requests. Rather, Plaintiff, who is proceeding *pro se*, appears to have believed, although mistakenly, that his pending motion to stay the proceedings relieved him of his obligations to file the disclosures and to respond to the discovery requests, and promptly after the court denied his motion to stay, he served his responses on Defendant." (footnote omitted)); *United States v. Flaherty*, No. CV 08-00493 SOM-KSC, 2010 WL 11720745, at *4 (D. Haw. May 20, 2010) ("Although the Court must ordinarily require the moving party to pay the opposing party's attorneys' fees when a motion to compel is denied, the Court finds that an award of fees would be unjust given Defendant's *pro se* status.").

[12] ECF No. 47.

[13] ECF No. 48.

3. Cambria's request for an award of reasonable expenses against Ms. Fusaro under Rule 37(a)(5)(A) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of July 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge